EDWARD FENIAS AND NEWARK CITIZENS UNION, RELA-
TORS, v. HARRY S. REICHENSTEIN, CITY CLERK OF
THE CITY OF NEWARK, RESPONDENT.

Argued February 12, 1940—Decided February 20, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PORTER.

For the relators, *Israel B. Greene.*

For the respondent, *James F. X. O'Brien.*

PER CURIAM.

The instant application is for a peremptory *mandamus*
commanding the city clerk of Newark to call a special election

on the question of whether the municipal manager form of government shall be adopted by the voters of that municipality and for an injunction restraining the city clerk from holding such election on the date fixed by him, i. e., February 20th. We have recently passed upon the question as to the sufficiency of the petition filed by the Citizens Union of the city of Newark, the object of which was to bring about a referendum on this question. Our determination was filed on February 5th, 1940. *Fenias* v. *Reichtenstein*, 124 *N. J. L.* 196.

The affidavit upon which this application rests recites that the action of the clerk in calling the election for February 20th, is contrary to the pertinent statute—*R. S.* 40:80-2, *et seq.*

The affidavit further recites that respondent clerk unjustifiably delayed the calling of the election and that "his sudden celerity in calling it for February 20th, is surprising;" that the people of Newark are entitled to a "reasonable time within which to become familiar with and discuss the merits of the · proposed new form of government * * *," and that the time fixed for such election "is entirely too short for that purpose."

The relators further take the position that the clerk was without power or authority to do any act in the matter of calling an election once our writ of *certiorari* was allowed and indeed until a rule for judgment was signed and filed, on the ground that the writ acted as a stay, but this we do not conceive to be sound. The writ was directed at the non-action of the clerk. He might abandon that recalcitrant attitude, express his willingness to call the election, with the result that the question under review would be moot, or at least unnecessary for the court to determine.

Now it appears that when the clerk was advised that this court held the petition was sufficient to accomplish the purpose for which it was filed, he forthwith did set a date for the election. The statute, *supra*, provides that upon the filing of such petition with the municipal clerk he shall forthwith call an election to be held on the fourth Tuesday following the date of the filing of the petition with him. The petition

was filed months ago; as it happens, the clerk should have called the election on the fourth Tuesday thereafter, since the petition was valid.

To the suggestion that more time should have been allowed before the election in order that the citizens might familiarize themselves with the issue, we can only say that it is not within our province to legislate on this matter or to read something into the statute which the legislature did not incorporate in it. We must follow the statute as it is written and under it we have no power to fix a date of our own selection.

A peremptory *mandamus* which the relators here seek should not be granted unless the right thereto is clear. In substance, the affidavit relied upon for the allowance of this extraordinary writ charges that the action of the clerk in calling the election for February 20th, was arbitrary and unreasonable under the circumstances. If it was, *mandamus* may not be invoked to correct the situation. The remedy is by *certiorari*. In our previous determination we decided that the clerk's failure to act on the petition was not reasonable. The petition being held valid under the facts and circumstances, the election had to be held.

Now if in the face of our judgment the clerk still refused to call the election, peremptory *mandamus* would be allowed. *Hugg* v. *Camden,* 39 *N. J. L.* 620; *West Jersey and Seashore Railroad Co.* v. *Board of Public Utility Commissioners,* 87 *Id.* 170. But, on the other hand, *mandamus* will not lie to revise or correct errors of judgment on the part of the clerk in the matter of calling the election, if errors there be. *Kirchgessner* v. *Board of Health,* 53 *Id.* 594.

The present application therefore asks not that the clerk be compelled to call the election, because he has already done that, but to void the act of the clerk in fixing a particular day and, as we have said, that is a matter which is not within the competence of a *mandamus*.

A companion motion was presented with this one for a rule to show cause why the clerk should not be held in contempt for calling the election before a rule for judgment on the *certiorari* was signed and filed. But as we have stated above, the clerk might have abandoned his attitude of non-

action and called the election during the pendency of the main action on *certiorari*. This being the fact, the rule will be denied. The application for *mandamus* is also denied.